IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC L. COLEMAN, | ) | CASE NO. 3:16 CV 2332 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN, | ) | |
| | ) | **REPORT &** |
| Respondent. | ) | **RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Eric L. Coleman for a writ of habeas corpus under

28 U.S.C. § 2254.[2]  Coleman was convicted by an Allen County Common Pleas Court

judge in 2013 of rape and kidnapping with repeat violent offender specifications[3] and is

serving a sentence of 28 years.[4]  He is currently incarcerated at the North Central

Correctional Institution in Marion, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Jack Zouhary by non-document order dated October 3, 2016.
[2] ECF No. 4.
[3] *Id.*
[4] *Id.*
[5] http://www.drc.state.oh.us/OffenderSearch

In his petition, Coleman raises five grounds for habeas relief.[6]  The State has filed a return of the writ arguing that the petition should be dismissed because all five grounds are procedurally defaulted.[7] Coleman has filed a traverse.[8]

For the reasons that follow, I will recommend Coleman's petition be dismissed with prejudice.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

On May 16, 2013, Coleman was indicted by the Allen County Grand Jury of one count of rape and one count of kidnapping; both counts contained repeat-violent-offender specifications.[10]  The indictment stemmed from a March 30, 2013, incident in which Coleman allegedly lured a woman, H.C., into a truck that he was driving, drove to a parking lot of an apartment complex, and raped her inside of the truck.[11]

---

[6] ECF No. 4.
[7] ECF No. 10.
[8] ECF No. 13.
[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).
[10] ECF No. 10, Attachment 1 at 124.
[11] *Id.*

2

At the arraignment hearing, Coleman entered pleas of not guilty.[12]  Subsequently, Coleman waived his right to a jury trial, and in August 2013 the trial court held a bench trial on the indictment.[13]  The trial court found Coleman guilty on both counts.[14]

At sentencing, the trial court heard arguments concerning whether the offenses of which the trial court found Coleman guilty – rape and kidnapping – merged under R.C. 2941.25.[15]  The trial court concluded that the offenses did not merge.[16]  The trial court also concluded that Coleman is a repeat violent offender and that he was on post-release control ("PRC") for another case – a violation of the terms of Coleman's PRC.[17]  The trial court sentenced Coleman to, among other things, imprisonment of 11 years on Count One, seven years on Count Two, 10 years on the repeat-violent-offender-specification, and 806 days on the PRC violation, to be served consecutively for an aggregate term of 28 years and 806 days.[18]

---

[12] *Id.*
[13] *Id.*
[14] *Id.* at 124-25.
[15] *Id.* at 125.
[16] *Id.*
[17] *Id.*
[18] *Id.*

3

## B.    Direct Appeal

### 1.    *Ohio Court of Appeals*

Coleman, through counsel, filed a timely[19] notice of appeal[20] with the Ohio Court of Appeals.  In his brief, Coleman raised three assignments of error:

1.    The trial court erred in imposing post release control time.

2.    The conviction is against the manifest weight of the evidence.

3.    The trial court erred in not merging the rape and kidnapping convictions for sentencing purposes.[21]

The state filed a brief in response,[22] to which Coleman filed a reply.[23]  The Ohio appeals court sustained Coleman's first assignment of error, and remanded the case back to the trial court only for the purpose of resentencing to remove the PRC sentence.[24]  The Ohio appeals court affirmed all other portions of the trial courts conviction and sentence.[25]

---

[19] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed.  *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case).  Coleman's conviction and sentence were journalized on October 15, 2013 (ECF No. 10, Attachment 1 at 8), and the notice of appeal was filed on October 21, 2013. *Id.* at 19.

[20] *Id.*

[21] *Id.* at 37.

[22] *Id.* at 69.

[23] *Id.* at 116.

[24] *Id.* at 122.

[25] *Id.*

### 2.    Resentencing

On February 17, 2015, the trial court corrected its prior sentencing entry, omitting the PRC sanction of 806 days pursuant to the appellate court's ruling.[26]

### 3.    Delayed appeal to the Supreme Court of Ohio

Coleman, *pro se*, thereupon filed an untimely[27] notice of appeal with the Ohio Supreme Court.[28]  In his affidavit attached to his motion for delayed appeal,[29] Coleman asserted that his appellate counsel failed to provide him a copy of the appellate court's opinion in time to research his claims and file his appeal in the Ohio Supreme Court. Coleman received the opinion on December 19, 2014, well before the deadline of January 15, 2015.[30]  On March 25, 2015, the Supreme Court of Ohio denied Coleman's motion for delayed appeal and dismissed the case.[31]

---

[26] *Id.* at 170.

[27] *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).  The court of appeals decision was issued on December 1, 2014. ECF No. 10, Attachment 1 at 122.  Coleman filed his notice of Appeal with the Supreme Court of Ohio on February 6, 2015. *Id.* at 171.

[28] *Id.*

[29] *Id.* at 175.

[30] *Id.*

[31] *Id.* at 223.

**4.    *Ohio App. R. 26(B) application to reopen appeal***

On March 3, 2015, Coleman, *pro se*, filed an App. R. 26(B) application to reopen his appeal.[32]  In his brief, Coleman raised three assignments of error:

1.    The court did not provide proof beyond a reasonable doubt as for Venue, or where the crime accured [sic], the evidence was insufficient for the trial court to take judicial notice, pursuant to Evid, R.201 [sic].[33]

2.    The attorney was ineffective for not impeaching the alleged victims [sic] testimony for not stating the same testimony at preliminary hearing and at trial, which the alleged victim testimony did not constitute a rape conviction.[34]

3.    The defendant was denied has [sic] constitutional rights embodied in the U.S. constitution this violated the Due Process and Equal Protection of the Law, this when the sentencing court did not make the proper finding, and denied this equal protection to grant Allied Offenses of Similar Imports, and to merge under the statute by Law.[35]

The record does not indicate that the State filed a brief in response.  On May 7, 2015, the appellate court denied Coleman's App. R. 26(B) application as without merit.[36]

**a.    *Appeal to the Supreme Court of Ohio***

On June 22, 2015, Coleman, *pro se*, filed a timely[37] notice of appeal[38] with the Supreme Court of Ohio.  In his brief, Coleman raised three propositions of law:

---

[32] *Id.* at 224.

[33] *Id.* at 229.

[34] *Id.* at 230.

[35] *Id.* at 233.

[36] *Id.* at 237.

[37] The court of appeals decision was issued on May 7, 2015.  *Id.* at 237.  Coleman filed his notice of Appeal with the Supreme Court of Ohio on June 22, 2015; thus, it is timely.  *Id.* at 239.

[38] *Id.*

1.     The court did not provide proof beyond a reasonable doubt as for venue, or where the crime had accured, [sic] the evidence was insufficient for the trial court to take judicial notice, pursuant to Evid, [sic] R. 201. this [sic] violated equal protection.

2.     The attorney was ineffective for not impeaching the alleged victims [sic] testimony for not stating the same testimony at preliminary hearing and at trial, which the alleged victim testified that there was no rape, this violated the 6th Amend., and Equal Protection.

3.     The defendant was denied his constitutional rights embodied in the U.S. Constitution this violated the due process and equal protection of the law this when the sentencing court did not make findings, and denied this equal protection to grant allied offenses of similar imports, and merge under the statute by law [sic].[39]

The record does not reflect that the State filed a brief in response.   On September 16, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal under S. Ct. Prac. Rule 7.08(B)(4).[40]

## C.     Petition for writ of habeas corpus

On May 23, 2016, Coleman, *pro se*, timely filed[41] a federal petition for habeas relief.[42]  As noted above, he raises five grounds for relief:

**GROUND ONE:**     The conviction is against the manifest weight of the evidence, whether the trial court's assessment of the evidence was erroneous and resulted in manifest injusice [sic].

---

[39] *Id.* at 241.

[40] *Id.* at 253.

[41] The present petition for federal habeas relief was filed on May 23, 2016.  ECF No. 4.  As such, it was filed within one year of the conclusion of Coleman's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[42] ECF No. 4.

7

Supporting Facts:        The reviewing court, however, allow [sic] the trier of fact appropriate discretion on matters relating to weight of evidence and the credibility of the witness there was a discrepancy between the alleged victims [sic] testimony at the preliminary hearing and her conversation with the law, the testimony lacked cradibility [sic] and contradicted by testimony of the Circle K, [sic] cashier, Ms. Cole testified there was no one else in the store, however, the security video and the cashier's testimony rebutted Ms. Coles [sic] testimony, also the cashier testified that she notice [sic] no injuries to Ms. Cole, and also this was when she alleged got rape [sic] and beat-up before her and Mr. Coleman had consensual sex with Ms. Cole. [43]

**GROUND TWO:**        Whether the offenses of rape and kidnapping were committed with separate animus, or under allied offenses and similar imports. to [sic] one sentence.

Supporting Facts:        The law provides that where the same conduct by defendant can be construed to constitute two or more offenses of similar imports, the indictment or information may contain counts for all such offenses, but the defendant's [sic] may be convicted of only one, R.C. 2941.25(A), the leading case on the merger and kidnapping and rape must merge to one sentence.[44]

**GROUND THREE:**        The court did not provide proof beyond a reasonable doubt as for venue, or where the crime has accured [sic], the evidence was insufficient for the trial court to take judicial notice, pursuant to Evid.R.201.

---

[43] *Id.* at 5.
[44] *Id.* at 7.

8

| | |
|---|---|
| Supporting Facts: | The defendant is stating that venue was never established as exactly where the alleged crime had accured [sic], the defendant Mr. Coleman is arguing that the alleged victim only testified that the rape accured [sic] at some apartments.  All facts must be proven as elements to the crime beyond a reasonable doubt.  Unless waived the facts must be proven at trial and the nature of the crime alleged and precise location of the act accured [sic]. The government must prove that venue was proper as to each count charged, [sic] if the government does not establish venue then the appellate court must reverse conviction.[45] |
| **GROUND FOUR:** | Ineffective assistance of counsel for not impeaching the alleged victims [sic] testimony for not stating the same testimony at preliminary hearing and at trial, which the alleged victims [sic] testimony did not constitute a rape conviction. |
| Supporting Facts: | The 6th Amend. right to counsel exist [sic] and is needed in order to protect the right to a fair trial through due process clause.  At preliminary hearing Ms. Cole testified that she had intercourse with the defendant Mr. Coleman, and the attorney never picked up this testimony, at trial she changed her testimony and testified she was raped, however she also testified that she went out side [sic] to meet Mr. Coleman and was not forced to go with the defendant whatsoever. If my attorney would have impeached the testimony of the alleged victim the sufficient to determine confidence in the outcome would have been different. |
| | Ms. Cole texted Mr. Coleman and said; |

---

[45] *Id.* at 8.

9

(1) I cannot wait to get my own apartment so you can come and stay the night with me.

(2) Tattoos make me wet

(3) turn me on

(4) I want to send you a text of my vagina.[46]

| | |
|---|---|
| **GROUND FIVE:** | The defendant was denied his constitutional rights embodied in the U.S. Constitution this violated the due process and equal protection of the law this when the sentence was not under findings, and this denied the equal protection to grant allied offenses of similar imports, under statute by law must have been merged [sic]. |
| Supporting Facts: | The Fifth Amend.'s Double Jeopardy Clause protects only against the imposition of multiple criminal punishments for the same offense, and then only such occurs in successive proceedings. |
| | More specific legislature statement under R.C. 2941.25 is the primary indication of Ohio General Assembly's intent to protect and allow multiple punishment for two or more offenses resulting from the same conduct. The General Assembly has intended to only permit to sentence to one sentence, and merge all cts [sic]. The Ohio Supreme Court described the status as an attempt to codify the Judicial Doctrine of merger, the penal philosophy where one crime necessary involved another, all allied offenses of similar imports must mergs [sic]. |
| | [NOTE]: On March 30, 2013 Ms. Cole the alleged victim text Mr. Coleman, at 5-6am. Mr. Coleman arrived at Ms. Cole's apartment and she volunteer to get into the truck, (Tr. at 61, 504), the testimony is also when in the truck they |

---

[46] *Id.* at 10.

10

kissed and then had consensual sex, there was no force whatsoever.

On page two of the Appellate courts documents said that Mr. Coleman lured her out, this document is false. [47]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Coleman is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[48]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[49]

3.    In addition, Coleman states,[50] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[51]

4.    Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[52]

---

[47] *Id.* at 14.

[48] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[49] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[50] *See* ECF No. 4 at 12.

[51] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[52] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.      Finally, Coleman is not represented by counsel, he has not requested the appointment of counsel,[53] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[54]

## B.      Standards of review

### 1.      *Fair presentment*

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims "adjudicated on the merits in State court proceedings."[55]  When a federal habeas claim was fairly presented to but not adjudicated on the merits by the state courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[56]

The requirement of fair presentment initially involves the issue of exhaustion, since the fair presentment doctrine, like the exhaustion requirement itself, is rooted in important federal-state comity concerns.[57]  If the petitioner does not present the same claim on the same theory to the state court as is presented to the federal habeas court, state courts do not

---

[53] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[54] 28 U.S.C. § 2254(e)(2).

[55] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[56] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007). In circumstances not applicable here, federal courts employ a modified version of AEDPA deference to the state court decision in cases where the state court did not squarely address the petitioner's claim as a federal Constitutional claim, but its analysis nevertheless bears "some similarity" to the requisite analysis set forth in clearly established federal law. *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

[57] *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

have a fair opportunity to resolve the matter on the grounds asserted by the petitioner before the federal court review the state court decision under the AEDPA.[58]

In the Sixth Circuit, a petitioner may fairly present his federal claim to the state court in a number of different ways:

(a)     By relying on federal cases employing constitutional analysis;

(b)     By relying on state court cases employing federal constitutional analysis;

(c)     By phrasing the claim in terms of constitutional law or terms sufficiently particular as to allege a denial of a specific constitutional rights;

(d)     By alleging facts well within the mainstream of constitutional law.[59]

But, as the Sixth Circuit has emphasized, fair presentment is not established by showing that the claim presented to the state court was "somewhat similar" to the federal constitutional claim, or that both claims arose out of the same set of facts, or even that a federal claim should have been "self-evident" from the "ramifications" of the state-law claim.[60]  "The bottom line is that [there is a lack of fair presentment where] the state courts were not called upon to apply the legal principles governing the constitutional claim now being presented to the federal courts."[61]

---

[58] *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).

[59] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[60] *Id.*

[61] *Id.*

13

Where the petitioner did not present the federal claim but instead a state-law claim, the federal claim is not exhausted.  But, when any attempt now to return to state court to exhaust the federal issue would fail as untimely or as barred by *res judicata*, the federal claim is procedurally defaulted.[62]

## 2.  *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[63]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[64]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[65]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[66] presenting his or her claim to "*each* appropriate state court."[67]   A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[68]

---

[62] *Id.*; *see O'Sullivan*, 526 U.S. at 848 (failure to timely exhaust a habeas claim in state court constitutes a procedural default).
[63] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).
[64] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).
[65] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (citation omitted).
[66] *O'Sullivan*, 526 U.S. at 845.
[67] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).
[68] *West*, 790 F.3d at 697 (quoting *Picard*, 404 U.S. at 278) (internal quotation marks omitted).

When a state asserts that a violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[69]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[70]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[71]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[72]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[73] that is both 'firmly established and regularly followed.'"[74]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[75]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[76]  In order to show "prejudice" for the default, the petitioner must

---

[69] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[70] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[71] *Id.* (citing *Maupin*, 785 F.2d at 138).

[72] *Id.*

[73] *Id.* ("A state procedural rule is an independent ground when it does not rely on federal law.")

[74] *Id.* (citation omitted).

[75] *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[76] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

15

show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[77]

Additionally, "a credible showing of actual innocence" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[78]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[79]

**C.    Application of standards**

*1.    Grounds one and two are procedurally defaulted for not being timely presented to the Supreme Court of Ohio on direct review.*

In the first ground for relief, Coleman asserts that his conviction was against the manifest weight of the evidence.  Even assuming that this claim is cognizable,[80] it is procedurally defaulted because it was not timely presented to the Supreme Court of Ohio on direct review.  Similarly, the second ground for relief, which asserts that the trial court

---

[77] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

[78] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *see Schlup v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[79] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[80] Federal habeas courts have considered a manifest weight of the evidence claim – which is usually considered to be a non-cognizable claim of state law – to also, by its own terms, assert a federal claim of insufficient evidence.  *See Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007).

16

improperly failed to merge allied offenses under Ohio law, is procedurally defaulted for the same reason as that given above, although the claim itself may be a non-cognizable claim of state law.[81]

As to both these claims, Coleman failed to raise them to the Supreme Court of Ohio in a timely manner after the Ohio appeals court denied them on December 1, 2014.[82]  As noted earlier, Coleman filed his notice of appeal beyond the forty-five days allowed by the rules of the Ohio Supreme Court.  That court then ruled that he had not demonstrated good reasons for the delay and denied him leave to file a delayed appeal.[83]  This dismissal by the Supreme Court of Ohio constitutes an adequate and independent state law ground on which the state may now rely to foreclose federal review of these claims.[84]

**2. _Grounds three, four, and five are procedurally defaulted because they were never presented to the Ohio appeals court in direct review._**

Ground three raises the non-cognizable state law claim that the state failed to establish the "element" of venue beyond a reasonable doubt.  The fourth ground asserts that trial counsel was constitutionally ineffective for failing to impeach the victim's testimony with allegedly prior inconsistent statements.  The fifth ground contends that due

---

[81]*See Montanez v. Lazaroff*, No. 1:16 CV 258, 2017 WL 3037500, at *10 (N.D. Ohio May 31, 2017) (discussing relationship between merger of offenses and federal claim of Double Jeopardy), *report and recommendation adopted by* 2017 WL 3023894 (N.D. Ohio July 17, 2017) (Zouhary, J.).

[82] ECF No. 10, Attachment 1 at 122.

[83] *Id.* at 223.

[84] *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004).

process and double jeopardy rights were violated when the trial court failed to merge sentences.

The factual basis for the claims here is apparent on the record.  As such, these claims should have been raised at the first available opportunity,[85] which was to the appeals court on direct appeal.[86]  Coleman's failure to raise these issues to the appeals court on direct review means that any attempt to raise these claims now in a state court would result in the dismissal of the claims under *res judicta*.[87]  Ohio's *res judicata* rule is recognized as an adequate and independent state ground on which Ohio may rely to foreclose review in a federal habeas court.[88]

Thus, since Coleman failed to present these claims to Ohio courts at the earliest opportunity, and may now no longer do so due to *res judicata*, these claims are procedurally defaulted.

Although Coleman argued in his Rule 26(B) application that his appellate counsel was ineffective for not raising these claims on direct review, it is well-settled that a Rule 26(B) application "cannot function to preserve the underlying substantive claim" such that it will not be found procedurally defaulted.[89]

---

[85] *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994).
[86] *Buell v. Mitchell*, 274 F. 3d 337, 349 (6th Cir. 2001).
[87] *State v. Cole*, 2 Ohio St. 3d 112, 114 (1982).
[88] *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).
[89]*Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (internal quotation marks omitted).

3.    *The procedural defaults are not excused by a showing of cause and prejudice, nor by actual innocence.*

Although all of Coleman's federal grounds for relief have been procedurally defaulted, he may still obtain consideration of his claims by excusing the procedural defaults by demonstrating that some external factor is the cause of the defaults, and that failure to review his claims will prejudice him.[90]

To that end, Coleman in his traverse appears to argue that because he has exhausted all remedies in Ohio courts, he is entitled to review in the federal habeas court.[91]  In fact, while Coleman has indeed exhausted his remedies in Ohio courts, as no further options remain available to him there, it is also true, as detailed earlier, that Coleman did not fairly present his federal constitutional claims to the Ohio courts during his direct appeal and now may not return there to do so.  Accordingly, it is equally true that he has exhausted his state remedies and that he has procedurally defaulted his federal claims.

That said, Coleman in his traverse raises the argument that his late appeal to the Supreme Court of Ohio is due to the Allen County clerk of courts providing him with a copy of the appellate decision 19 days after that decision was entered.[92] Coleman maintains that this notice was as the Ohio Supreme Court's 45-day filing requirement was "closing

---

[90] *Murray v. Carrier*, 477 U.S. 478, 485 (1986).
[91] ECF No. 13 at 3-4.
[92] *Id.* at 2.

in," and required him to deal with the fact that "it takes about (3) weeks to get in the [prison] Law Library."[93]

In essence, Coleman is arguing that despite having nearly a full month to file a simple timely notice of appeal – and not the more complete brief in support – he was unable to do even this because he could not get time in the law library.  As the Sixth Circuit held in *Bonilla v. Hurley,* the fact that a petitioner has limited time in the prison law library is insufficient to establish cause to excuse a procedural default that occurred when the petitioner failed to timely file a notice of appeal with the Supreme Court of Ohio.[94]  *Hurley* noted, as is applicable here, that the petitioner had not shown any good reason why conducting legal research and obtaining library time was needed to simply file a timely notice of appeal in the Supreme Court of Ohio.[95]

Moreover, he has not shown that his conviction is the result of a fundamental miscarriage of justice; that is, the conviction of a person who is actually innocent.[96] Actual innocence means "factual innocence, not mere legal insufficiency."[97] Actual innocence "requires the petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

---

[93]*Id.*
[94]*Bonilla*, 370 F.3d at 498.
[95]*Id.* at 498.
[96]*Coleman,* 501 U.S. at 750.
[97]*Bousley v. United States,* 523 U.S. 614, 623 (1998).

20

or critical physical evidence – that was not presented at trial.[98]  The evidence must be such that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of the new evidence.[99]

Coleman has presented no new reliable evidence that would meet that standard.  In fact, his traverse serves merely to restate the evidence already considered by the jury and the Ohio courts, while urging a different result.[100]

## Conclusion

For the reasons stated above, I recommend finding that the *pro se* petition of Eric L. Coleman for a writ of habeas corpus is procedurally defaulted, and that the default has not been excused. Accordingly, I recommend that the entire petition be dismissed with prejudice.


Dated:  September 26, 2018                                      s/ William H. Baughman, Jr.
                                                              United States Magistrate Judge

---

[98]*Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[99]*Id.*
[100]ECF No. 13 at 1, 4.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[101]

---

[101] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).