IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric L. Coleman,                                    Case No. 3:16 CV 2332

                        Petitioner,                 DISMISSAL ORDER

            -vs-                                     JUDGE JACK ZOUHARY

Warden,

                        Respondent.

        Petitioner *pro se* Eric Coleman, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C.

§ 2254 (Doc. 4).  Coleman raises five Grounds for relief: (1) his conviction was against the manifest

weight of the evidence; (2) the state trial court erred in not merging his kidnapping and rape charges

under Ohio Revised Code § 2941.25(A) for sentencing purposes; (3) the State did not prove venue

beyond a reasonable doubt; (4) his trial counsel was ineffective because he failed to impeach the

victim; and (5) the trial court's failure to merge his kidnapping and rape charges violated the Equal

Protection and Due Process Clauses.

        This case was referred to Magistrate Judge William Baughman for a Report and

Recommendation (R&R) under Local Rule 72.2.  The Warden moved to dismiss the Petition as

procedurally defaulted (Doc. 10 at 16), and Coleman opposed (Doc. 13).  The R&R recommends this

Court dismiss the Petition with prejudice because Coleman's claims are procedurally defaulted (Doc.

14).  After two extensions (Docs. 16, 18), an Objection was timely filed (Doc. 19 at 4).

        The Objection does not set forth any new arguments that were not addressed by the R&R.

Nor does it identify any specific factual or legal errors.  Instead, it merely summarizes the arguments

presented to, and rejected by, the Magistrate Judge.  The Objection asserts that the R&R "misq[u]oted every single ground[] that was present[ed]" in the Petition, but it fails to identify any specific error or explain how that error was material to the ultimate recommendation (*id.* at 3).  The Objection further states that Coleman "is seeking reconsideration in this matter d[ue] to the [R&R]'s fail[]ure to address the issues of law" that were presented to the Ohio Supreme Court (*id.*).  But again, the Objection fails to identify those issues of law or explain how the R&R erred in addressing them.  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  "[V]ague, general, or conclusory objections" do not trigger this Court's *de novo* review.  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).  *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

This Court has reviewed the record and the R&R and finds the R&R accurately states the facts and law in concluding that the claims here are procedurally defaulted.  Further, as the R&R notes, several of the Grounds raised fail to state a cognizable federal habeas claim because they are based on errors of state law.  *See, e.g.*, Doc. 14 at 16–17.  *See also Hutchison v. Marshall*, 744 F.2d 44, 46–47 (6th Cir. 1984).  This Court therefore adopts the R&R in its entirety.  Accordingly, the Petition (Doc. 1) is dismissed.

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 18, 2019
